464 So.2d 1218 (1984)
Amy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-359.
District Court of Appeal of Florida, First District.
December 20, 1984.
Rehearing or Clarification Denied March 15, 1985.
*1219 Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Gregory C. Smith, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Upon the defendant's plea of guilty to unarmed robbery, the trial court adjudged the defendant guilty, stayed and withheld the imposition of sentence and placed the defendant in "community control" for two years. The court also imposed a term of six years probation consecutive to the community control. The defendant contends that community control and probation are alternative forms of disposition and may not be imposed in tandem. We agree with that contention. We also reject without further comment the state's objection to the appealability of this error.
It is apparent to us that the legislative intent, in adopting the concept of "community control" in the Correctional Reform Act of 1983" (Chapter 83-131, Laws of Florida) was to provide an alternative to probation and incarceration. Among the legislative findings in the Correctional Reform Act were:
(2) State government can no longer afford an uncritical and continuing escalation in capital outlay for prison construction at the expense of other competing social and economic priorities.
(3) The effectiveness of incarceration of offenders as a means to reduce the likelihood that they will become useful members of society, thereby reducing the threat of crime in our society, varies among individuals and types of offenders and is not conclusively positive.
(4) The increased use of noncustodial alternatives and nonprison custodial alternatives can alleviate prison overcrowding while still providing a sufficient measure of public safety and assuring an element of punishment.
Chapter 83-131, Section 2; see also Section 948.10(1), Florida Statutes (1983). The Act, among other things, created Section 921.187, Florida Statutes, which provides for alternative forms of disposition and sentencing. Among the permissible alternatives set forth in that section are:
(1) Place an offender on probation with or without an adjudication of guilt pursuant to s. 948.01.
* * * * * *
(3) Place a felony offender into community control requiring intensive supervision and surveillance pursuant to chapter 948.
* * * * * *
(7) Impose a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence, which period may include a term of years or less.
The Act further defined the terms "community control" and "probation" and are set forth in Section 948.001, Florida Statutes (1983).[1]
*1220 The Act also added subsection 4 to Section 948.01 to provide for the circumstances under which the court may place the defendant in community control:
(4) If, after considering the provisions of subsection (3) and the offender's prior record or the seriousness of the offense, it appears to the court in the case of a felony disposition that probation is an unsuitable dispositional alternative to imprisonment, the court may place the offender in a community control program... .
That subsection also allows the court, with respect to previously committed offenders, to suspend further execution of the commitment and place the offender in community control. See also Section 948.01(3). Further, where the offender has completed "the sanctions" imposed in the community control plan before the expiration of the term previously ordered by the court, the court may grant an early discharge of the offender or transfer the defendant to probation supervision. See Section 948.01(7). We also note that where a probationer has violated the conditions of probation, the court may, instead of revoking probation, place him in community control. See Section 948.06.
The state contends that the subject disposition qualifies as a "split sentence" under Section 921.187(7) which is quoted above. We cannot agree. That section permits the court to impose a sentence such that, upon completion of any specified portion of the sentence, the offender is placed on probation. Section 948.01(8) also provides the same kind of split sentence but provides that the probationary part of the split sentence may instead be community control. Under either statute, however, we hold that the "front end" of the split sentence contemplates a sentence of incarceration and that the kind of disposition imposed in this case is not authorized thereunder.
We have also examined this disposition to determine whether it could somehow be justified as a probationary term with community control as a special condition of that probation. In the first place, that is not what the trial judge did. He imposed a two-year term of community control and he also imposed a six-year term of probation consecutive to the former. Secondly, such a construction would result in the mongrelization of the dispositional alternatives of community control and probation. We believe this would be manifestly contrary to the legislative intent as to the proper purpose and application of these alternative dispositions.
We therefore reverse and remand with directions that the trial court vacate and set aside the order imposing the consecutive probationary term.[2]
We have examined the remaining point urged by the defendant regarding imposition of costs and find the same to be without merit.
Reversed and remanded.
SHIVERS and WENTWORTH, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
NIMMONS, Judge.
We deny the state's motion for rehearing or clarification except with respect to the proper disposition on remand. Consistent *1221 with the Supreme Court's holding in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), the trial court will be permitted to select from several alternative dispositions.
If the trial court wishes to adhere to its community control disposition, the court will simply vacate and set aside the consecutive probationary term. The court will not have the option of increasing the two year community control term in view of the statutory two-year maximum on community control provided for in Section 948.01(5), Florida Statutes (1983).
If, on the other hand, the court wishes to adhere to the probation portion of the disposition, the court will vacate the community control term. The court may then either leave the six-year probationary term intact or increase such probationary term by no more than an additional two years, the period of time represented by the vacated community control term.
Alternatively, the court may vacate both the community control and probationary terms and, pursuant to Sections 948.01(1) and 921.187(7), Florida Statutes (1983), impose a lawful split sentence involving a period of incarceration followed by either probation or community control. However, the total period of the incarceration plus either the period of probation or the period of community control may not exceed eight years, the total of the original disposition.
Finally, the court may vacate the community control and probationary terms and impose a straight period of incarceration up to a term of eight years, the total of the original disposition. See Villery, supra at 1112.
Whatever sentencing disposition the trial court may make on remand must, of course, be in compliance with the sentencing guidelines and if any sentence exceeds such guidelines, clear and convincing reasons therefor will be required in accordance with Fla.R.Cr.P. 3.701(d)(11). See also committee note to Fla.R.Cr.P. 3.701(d)(12).
Except as set forth herein, the state's motion for rehearing or clarification is denied.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] 948.001 Definitions.  As used in this chapter, the term:

(1) "Community control" means a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of an offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced.
(2) "Probation" means a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03.
[2] Since, as we have held, it was improper for the trial court to impose a probationary term consecutive to the community control term, we do not address the additional argument asserted by the defendant that the sentencing guidelines recommendation of twelve to thirty months incarceration was exceeded by the two terms imposed by the court.