463 So.2d 416 (1985)
David Lee MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. AX-361.
District Court of Appeal of Florida, First District.
January 31, 1985.
*417 Michael E. Allen, Public Defender, and Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, the defendant in the proceedings before the trial court, appeals the trial court's order which placed appellant on probation. Appellant contends that the trial court erred in placing him in community control as a part of his probation. We agree and reverse and remand.
Appellant was charged with and initially pled not guilty to perjury. Appellant then changed his plea to guilty and elected to be sentenced under the sentencing guidelines, RCrP 3.701. Appellant's sentencing guidelines scoresheet shows a total score of 13 points. This score resulted in a recommended/presumptive sentence of any nonstate prison sanction.
*418 At the sentencing hearing, the state prosecutor and defense counsel argued aggravating and mitigating factors, respectively, in regard to appellant's recommended sentence. After hearing these arguments, the trial court found that it did not have clear and convincing reasons to depart from the guidelines recommended sentence and ordered that appellant be placed on probation for a five year period. As part of his probation, appellant is to spend 364 days in the Duval County jail to be followed by two years in a community control program.[1]
Appellant contends that community control is not a nonincarcerative disposition as contemplated by the sentencing guidelines terms, "any nonstate prison sanction," and, therefore, was an inappropriate sanction to be imposed sub judice. We disagree. The terms "any nonstate prison sanction" clearly apply to community control, as community control simply is not a state prison sanction. Community control is defined as a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads, and, further, defined as an individualized program in which the freedom of an offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced. Section 948.001(1), Florida Statutes (1983). Section 948.01(4) states that the court may place an offender in a community control program, if it appears to the court that probation is an unsuitable dispositional alternative to imprisonment. Section 948.10(1) states that community control "shall offer the courts and the Parole and Probation Commission an alternative, community-based method to punish an offender in lieu of incarceration... ." (emphasis added). Clearly, community control is not to be regarded as incarceration and certainly is not to be regarded as a state prison sanction. Rather, it is apparent to us that community control is a nonprison custodial alternative that was developed by the legislature to alleviate prison overcrowding. See Chapter 83-131, Fla. Laws, section 2. Accordingly, we find and hold that community control is a proper sanction to be imposed under the sentencing guidelines category of "any nonstate prison sanction."[2]
Notwithstanding the above, we agree with appellant that the trial court erred in placing appellant in a community control program as part of his probation. Sub judice, the trial court ruled that community control could be imposed as a part of probation. However, RCrP 3.701(d)(13) specifically provides that community control "is a sanction which the court may impose upon a finding that probation is an unsuitable disposition." See also section *419 948.01(4), Florida Statutes (1983). Based on this language, it is clear to us that for purposes of the sentencing guidelines probation and community control are to be regarded as two distinct concepts and that they are not to be imposed in conjunction with each other. See also our opinion in Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1985).
We do not reach the above conclusion without reservation. As noted by the trial judge in arriving at his conclusion that community control could be imposed as a part of probation, it seems illogical that an offender can be incarcerated as a condition of probation, yet not be placed in a community control program, a less restrictive sanction, as part of probation. Nonetheless, the intent of the framers of the guidelines seems clear to us, as noted, that probation and community control are to be treated as distinct concepts and are not to be imposed in tandem. We are not at liberty to alter or distort the plain meaning of the language in RCrP 3.701(d)(13).
Accordingly, the trial court's order placing appellant on probation and in community control is hereby vacated and this cause is reversed and remanded for disposition in accord with the sentencing guidelines and this opinion.
REVERSED and REMANDED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] As noted above, the trial judge announced at the sentencing hearing that he was placing appellant in community control as part of appellant's probation. In the order committing appellant to the supervision of the Department of Corrections, the trial judge ordered in one part of the order that appellant be placed in community control for "five (5) years, then three (3) years probation," and ordered in another part of the order as conditions that appellant serve 364 days in the Duval County jail, to be followed by two years community control, with the balance of the sentence to be served as probation. We need not address the confusion created by these conflicting provisions in the written and oral pronouncements of disposition because of our decision that community control and probation may not be imposed in tandem.
[2] We find unpersuasive appellant's further argument that community control should not be regarded as a nonstate prison sanction because the sentencing guidelines scoresheets list community control as an alternative to incarceration in the second guideline cell for each offense category. We do not find from the fact that the guidelines specifically list community control as an alternative to incarceration in the second guideline cell that community control is precluded from being used as a dispositional alternative under the first guideline cell category of "any nonstate prison sanction." Rather, we infer that the framers of the guidelines intended that community control be a dispositional alternative for both the first and second guideline cells through their use of the broad terms "any nonstate prison sanction" in the first guideline cell and their specific reference to community control as a dispositional alternative to incarceration in the second guideline cell.