480 So.2d 163 (1985)
Ronald JONES, Appellant,
v.
STATE of Florida, Appellee.
No. BE-223.
District Court of Appeal of Florida, First District.
December 17, 1985.
Michael E. Allen, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, defendant below, appeals a portion of an order of restitution imposed as a condition of his probation. We find that the court was correct in ordering restitution, but remand for a correction of the amount.
The appellant, Ronald Jones, was alleged to have been involved in the burglary of several homes in Gadsden County and the subsequent sale of property stolen from those homes to undercover police officers in Tallahassee. He was then charged as follows: three separate Leon County informations, each charging him with one count of dealing in stolen property and one count of possession of a firearm by a convicted felon and three separate Gadsden County informations, each charging him with one count of burglary of a dwelling and one count of grand theft.
On October 25, 1984, appellant appeared in court in Leon County to enter pleas in the above six cases. As to each of the *164 three Gadsden County cases, he withdrew previously-entered pleas of not guilty and substituted pleas of no contest to the burglary counts with the understanding that the grand theft counts would be nolle prossed. As to the three Leon County cases, he again withdrew pleas of not guilty and entered pleas of no contest to the dealing in stolen property charges with the understanding that the possession of firearm charges would be nolle prossed. All of the pleas were entered with the understanding that the appellant would receive a total sentence of seven years and that three other pending Gadsden County cases would also be nolle prossed. The end result of the plea entries was that, with regard to burglary victims Mr. & Mrs. Daws, the charge of burglary of their home was nolle prossed whereas appellant pled guilty to dealing in stolen property belonging to them.
Appellant was ultimately sentenced to seven years imprisonment to be followed by seven years probation. As one of the conditions of his probation he was ordered to pay restitution to the Dawses in the amount of $328 and to their insurance carrier, Hartford Insurance Company, in the amount of $512.
Section 775.089(1), Florida Statutes (1983) provides that a court may order a defendant to make restitution to the aggrieved party "for damages or loss caused by the defendant's offense." (emphasis supplied) Appellant argues on appeal, as he did before the trial court, that he should not be required to pay restitution to the Dawses and their insurer, as their loss resulted from a crime for which he was not convicted  i.e., the burglary of their home. Appellant argues that the Dawses' loss was caused by the burglary, not by his actions in dealing in stolen property.
We disagree. In J.S.H. v. State, 455 So.2d 1143 (Fla. 2d DCA 1984), a juvenile partially dismantled the victim's motorboat and removed several items of property. He was charged with grand theft and was subsequently ordered to pay restitution to the victim for the cost of repairing the boat as well as for the value of the stolen property. The juvenile argued that restitution for damages to the boat was improper because the damages were not "caused by his offense" as required by section 39.11(1)(g), Florida Statutes (1983). The Second District disagreed, holding that "[i]n our view, the words `caused by his offense' ... do not mean that the offense charged must bear `a direct relationship' to the damages caused." 455 So.2d at 1146. The supreme court approved the Second District's decision, stating that "[i]t is not necessary that the offense charged describe the damage done in order to support a restitution order but only that the damage bear a significant relationship to the convicted offense." J.S.H. v. State, 472 So.2d 737, 738 (Fla. 1985) (emphasis supplied).
We believe the damage to the Dawses in this case did bear a "significant relationship" to the offense for which the appellant was convicted. Therefore, we affirm the trial court's order of restitution.
We remand, however, for the trial court to correct a portion of the restitution order and to evaluate another portion. The presentence investigation submitted at appellant's sentencing hearing indicated that the Dawses filed a claim with Hartford Insurance Company in the amount of $750, for stolen gold jewelry. The Hartford Company then paid $512 to the Dawses, which was noted in the presentence investigation to include a $12 payment for the repair of a broken window and a broken screen. Since the damages to the window and screen were caused during the burglary and have no relationship to the convicted offense, appellant's restitution to Hartford should be reduced by $12. Further, the PSI indicated that at least one of the stolen items  a lady's antique watch  was recovered and, at the time of the PSI, was being held by the police as evidence. However, it is impossible for us to determine from the record whether the $750 claim included the recovered property. Therefore, the court is directed on remand to make certain that appellant is not being required to make *165 restitution to the victim for property which will ultimately be returned.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS and ZEHMER, JJ., concur.