486 So.2d 44 (1986)
Myrtle PETRAS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1213.
District Court of Appeal of Florida, Fifth District.
April 3, 1986.
*45 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Daytona Beach, for appellee.
SHARP, Judge.
Petras appeals from her sentence of two years community control on condition she serve sixty days in county jail, followed by three years probation. She pled guilty to one charge of knowingly issuing a worthless check.[1] She claims the trial court erred in computing her scoresheet under the guidelines[2] by adding twenty points for four prior misdemeanor convictions under "prior convictions for Category 6 offenses." We agree that this was erroneous,[3] but we affirm because the sentence was one the trial judge could have imposed had the twenty points not been included.
Absent the erroneously included twenty points, Petras' score would have been twenty-five, which would have placed her in the first bracket of the sentencing guidelines, "any nonstate prison sanction." Community control is in our view a possible nonstate prison sanction.[4] We acknowledge a conflict with our sister court on this point.[5] This conflict will soon be resolved by the amendments to Rule 3.701(d)(13) and its committee note, which take effect July 1, 1986, subject to approval by the Legislature.[6] Further, we find no error in the trial judge's imposition of a sentence combining community control and probation.[7]
AFFIRMED.
COBB, C.J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] § 832.05(4)(a), Fla. Stat. (1983).
[2] Fla.R.Crim.P. 3.701.
[3] Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). Only felonies should be included in this category.
[4] Louzon v. State, 460 So.2d 551 (Fla. 5th DCA 1984); Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984).
[5] See Mestas v. State, 484 So.2d 612, (Fla. 2d DCA 1986).
[6] The Florida Bar Re: Rules of Criminal Procedure, 11 F.L.W. 15 (Fla. Dec. 19, 1985).
[7] See Smith v. State, 484 So.2d 581, (Fla. 1986); Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986).