COBB, Judge.
After entering a plea of guilty to uttering or issuing a worthless check (a Category 6 offense), Myrtle Petras was sentenced in July of 1985 to two years of community control and three years’ probation, to run consecutively. Petras appealed the sentence to this court, claiming that the trial court erred in computing her scoresheet under the guidelines when it added twenty points for four prior misdemeanor convictions under the heading “Prior Convictions for Category 6 Offenses.” An opinion was recently released by this court in answer, holding that this was in fact erroneous. See Petras v. State, 486 So.2d 44 (Fla. 5th DCA 1986).
Before our opinion was released, Petras pled guilty to a violation of community control, and an identical scoresheet was prepared, giving her a recommended sentence within the second cell range of twelve to thirty months’ community control. The guideline sentence without the erroneous twenty points would be within the first cell. Petras was sentenced in the third cell to three years’ incarceration. Pe-tras again claims that the trial court erred in its scoresheet computation.
This court has already decided that the trial court erred in computing an identical scoresheet; however, in our recent Petras v. State opinion we did not remand for resentencing because, in spite of the error, there was no departure from the sentencing guidelines. Now, however, Petras has been sentenced within the third cell. Although it is permissible to sentence a violation of probation or community control offender within the next higher cell without giving written reasons for the departure, a violation of community control or probation standing alone is not a sufficient basis to justify more than a one-cell departure. See Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). Additional written reasons to justify the departure are required. There were none given here. Thus, this case is remanded with instructions to the lower court to sentence within the guidelines unless valid written reasons for departure can be provided.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.