545 So.2d 891 (1989)
Marcus REED, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0959.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
*892 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Carolyn V. McCann, Asst. Atty. Gen., and Lynn Waxman, Graduate Legal Intern, West Palm Beach, for appellee.
PER CURIAM.
The trial court sentenced appellant to one year of community control to be followed by two years probation. This sentence is contrary to this court's holding in Chessler v. State, 467 So.2d 1102 (Fla. 4th DCA 1985). Accordingly, we reverse the sentence imposed by the trial court and remand this cause for resentencing within the sentencing guidelines.
In so doing, we are aware of the December 19, 1985 amendment to the committee note for Florida Rule of Criminal Procedure 3.701(d)(13) indicating that it is appropriate to impose a sentence of community control to be followed by a term of probation. In light of that note, we certify the following question as one of great public importance:
WHEN SENTENCING WITHIN THE GUIDELINES, MAY A TRIAL COURT IMPOSE A SENTENCE OF COMMUNITY CONTROL TO BE FOLLOWED BY PROBATION IF THE TOTAL SENTENCE DOES NOT EXCEED THE TERM PROVIDED BY GENERAL LAW?
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
I hope the supreme court will answer the certified question in the affirmative. I was the author of Chessler in which we approved the analysis set forth in the First District's Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1985). Upon reflection, however, I find it difficult to justify a requirement that a defendant must go to prison in order to be put on a term of successive probation.