550 So.2d 1169 (1989)
Charlie COX, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0437.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
Craig A. Boudreau, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant appeals being sentenced to jail, followed by "house arrest" (community control), followed by probation after pleading guilty to two counts of Driving under *1170 the Influence. The combined sentence is within the recommended sentence range for appellant's scoresheet.
We reverse. This court in Chessler v. State, 467 So.2d 1102 (Fla. 4th DCA 1985), reversed a sentence of probation and community control. In light of the December 15, 1985 amendment of Florida Rule of Criminal Procedure 3.701(d)(13), this court revisited the issue in Reed v. State, 545 So.2d 891 (Fla. 4th DCA 1989), but chose to follow Chessler in spite of the rule amendment. The Reed panel certified the question which is presently awaiting acceptance by the supreme court. Our sister court in Denson v. State, 14 F.L.W. 2053 (Fla. 1st DCA September 8, 1989), citing Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984), also condemned a sentence of community control and probation. The Denson court reasoned that imposing "both community control and probation is contrary to the pertinent statutes[1] addressing community control, probation, and alternative forms of disposition and sentencing."
We are aware of the contrary holding in Elliott v. State, 528 So.2d 98 (Fla. 2nd DCA 1988), but choose to follow the other cited authority.
REVERSED AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Sections 948.01 and 921.187, Florida Statutes (1987).