DAUKSCH, Judge.
This is an appeal from a sentence imposing two years community control followed by one year of probation.
Appellant urges this is an illegal sentence and cites Reed v. State, 545 So.2d 891 (Fla. 4th DCA 1989); Chessler v. State, 467 So.2d 1102 (Fla. 4th DCA 1985); and Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984) as authority. Appellee disagrees and cites the 1985 amended note to 3.701 d.13. Florida Rules of Criminal Procedure which says, inter alia,
It is appropriate to impose a sentence of community control to be followed by a term of probation.
The Committee Notes to the Florida Rules of Criminal Procedure are to be given the respect due the rules themselves; they are approved by the supreme court when adopted and published. Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985).
Given the supreme court’s sanction of this sentencing procedure we affirm the sentence in this case. Rule 3.701 d.13. defines community control as “a form of intensive supervised custody in the community involving restriction of the freedom of the offender.” Thus, it is less restrictive than prison but more so than probation. Since it is lawful and proper to sentence one to prison-followed-by-probation it follows logically to be lawful and proper to permit a community-control-followed-by-probation sentence.
We certify conflict with Reed, Williams and Chessler and hereby certify the same question certified in Reed as being of great public importance.
AFFIRMED.
SHARP, W. and HARRIS, JJ., concur.