SMITH, Judge.
In this appeal we previously affirmed, without opinion, appellant’s sentence imposing community control followed by probation, Ray v. State, 545 So.2d 1372 (Fla. 1st DCA 1989). Subsequently, on motion by appellant, we issued an order withdrawing mandate[1] in order to reconcile potential conflict with a decision on the same issue addressed in this court’s opinion in Denson v. State, Case No. 88-2929, filed September 1, 1989, opinion withdrawn September 25, 1989. Upon further consideration, we reach the same result as we did earlier, and issue this opinion articulating the reasoning and authorities upon which our decision is based.
Ray appeals his sentence of community control followed by probation contending that this court’s decision in Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984), precludes a sentence of community control and probation in tandem. Subsequent to Williams, the Florida Supreme Court amended Rule 3.701(d)(13) and the committee note to the rule[2] to permit a sentence of community control followed by a term of probation so long as the total sanction of the split sentence does not exceed the term provided by general law. The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines), Rule 3.701, 3.988, 482 So.2d 311 (Fla.1985). Thereafter, the Florida Legislature adopted and implemented these changes in accordance with section 921.001, Florida Statutes. Ch. 86-273, § 2, Laws of Florida. We find that this subsequent Supreme Court and legislative expression controls and affirm Ray’s sentence.
Though neither section 921.187, Florida Statutes, nor section 948.01 expressly prohibit a sentence of community control and probation in tandem, this court in Williams held that these statutes do not contemplate a sentence with a probationary term consecutive to a community control term since probation and community control are alternative forms of disposition and sentencing. This was a permissible interpretation of these statutes in 1984, although there was a disagreement among the district courts of appeal as to the result reached by this court in Williams.[3]
Nevertheless, subsequent to the decisions in Williams, Chessler, Petras, and Burrell, the Supreme Court’s revisions to Rule 3.701(d)(13), and the committee note *497 thereto, became effective on October 1, 1986, after adoption by the Legislature.[4]
Section 921.001 provides in pertinent part:
(1) The provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as” such, is a matter properly addressed by the Legislature. The Legislature, in the exercise of its authority to establish sentencing criteria and to provide for the imposition of criminal penalties, has determined that it is in the best interest of the state to develop, implement, and revise a uniform sentencing policy in cooperation with the Supreme Court.
(4)(a) Upon recommendation of a plan by the Commission, the Supreme Court should develop by September 1, 1983, statewide sentencing guidelines to provide trial court judges with factors to consider and utilize in determining the presumptively appropriate sentences in criminal cases. The statewide sentencing guidelines shall be implemented by October 1, 1983, unless the Legislature affirmatively delays the implementation of such guidelines prior to October 1, 1983. The guidelines shall be applied to all felonies ... committed on or after October 1, 1983....
(b) The Commission shall, no later than October 1 of each year, make a recommendation to the members of the Supreme Court, the President of the Senate, and the Speaker of the House of Representatives on the need for changes in the guidelines. Upon receipt of such recommendation, the Supreme Court may revise the statewide sentencing guidelines to conform them with all or part of the Commission recommendation. Such revision shall be submitted by the Supreme Court to the President of the Senate and the Speaker of the House of Representatives no later than February 1 of each year following the receipt of the recommendations of the Commission. However, such revision shall become effective only upon the subsequent adoption by the Legislature of legislation implementing the guidelines as then revised.... (emphasis supplied)
It is our view that when the Legislature adopted the revisions to Rule 3.701(d)(13) and the committee note thereto that these changes acquired the force and effect of law. See Smith v. State, 537 So.2d 982, 987 (Fla.1989) (when Legislature adopted Rules 3.701 and 3.988 in Chapter 84-328, the rules became a statute). Since the Legislature has now expressly authorized the imposition of community control and probation in tandem, this subsequent legislative expression is controlling over the more generally worded statutes, sections 921.187 and 948.01 and nullifies the effect of this court’s Williams decision. Notwithstanding the Williams interpretation of sections 921.187 and 948.01 as in effect prohibiting a community control term followed by a probationary term, the Legislature’s enactment of Chapter 86-273, as the last expression of the legislative will, is the law and prevails. 49 Fla.Jur.2d, Statutes, § 181 (1984).
A different result, in this case, is not called for simply because it is the committee note to Rule 3.701(d)(13) which expressly authorizes the imposition of community control to be followed by a term of probation. The committee notes to the sentencing guidelines are part of the rules and are entitled to the same force and effect as Rule 3.701 itself. The Florida Bar, Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984). Accord Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987) (committee notes to sentencing guidelines are treated as sentencing guidelines); Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985) (Supreme Court has clearly adopted the Committee Notes as part of the official sentencing guidelines); and Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985) (committee notes are entitled to *498 the same force and effect as the sentencing guideline rule itself); Daigle v. State, 552 So.2d 347 (Fla. 5th DCA 1989) (sentence of community control followed by probation is valid sentence as expressly authorized by 1985 amended note to Rule 3.701(d)(13), Florida Rules of Criminal Procedure). Here, both the rule and the committee notes were amended so as to leave no doubt concerning the legislative intent.
We certify conflict with Reed, Chessler, and Cox v. State, 550 So.2d 1169 (Fla. 4th DCA 1989).
AFFIRMED.
THOMPSON, J., and WILLIS, BEN C., Associate Judge, concur.

. Unpublished order withdrawing mandate was issued on December 19, 1989. See, Westberry v. Copeland Sausage Co., 397 So.2d 1018 (Fla. 1st DCA 1981); Simpson v. State, 505 So.2d 1378 (Fla. 1st DCA 1987).

. These changes are as follows:
13. Community control is a form of intensive supervised custody in the community involving restrictions of the freedom of the offender; is a sanction which the court may impose upon a finding-that-probation-is-an unsuitable — disposition When community control is imposed, it shall not exceed the term provided by general law.
Committee Note (d)(13).
(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reasonable departure. It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.

Community control is not an alternative sanction from the recommended range of any non-state prison sanction unless the provisions of Florida Rule of Criminal Procedure 3.701(d)(ll) are applied.

.Compare Chessler v. State, A61 So.2d 1102 (Fla. 4th DCA 1985), which followed this court's Williams decision and Petras v. State, 486 So.2d 44 (Fla. 5th DCA 1986), and Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986), which did not and reached a contrary result. See also Reed v. State, 545 So.2d 891 (Fla. 4th DCA 1989), following Chessler but certifying the question in light of the committee note to Rule 3.701(d)(13). Judge Letts, the author of Chessler, concurred specially commenting that since writing Chessler, and upon reflection, he found it difficult to justify a requirement that a defendant must go to prison in order to be put on a term of successive probation.

. These changes are applicable to Ray since his original offenses were committed on November 10, 1986.