556 So.2d 1113 (1990)
Kenneth SKEENS, Petitioner,
v.
STATE of Florida, Respondent.
No. 74211.
Supreme Court of Florida.
February 15, 1990.
James Marion Moorman, Public Defender and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michele Taylor, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for review Skeens v. State, 542 So.2d 436 (Fla. 2d DCA 1989), in which the district court recognized conflict. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision of the district court below.
This case presents the following issues: whether probation and community control can be stacked in a single sentence, and whether convictions for carrying a concealed firearm and possession of a firearm by a convicted felon can properly arise out of the same act. We respond to both questions in the affirmative.
Skeens pled guilty to being a felon in possession of a firearm, in violation of section 790.23, Florida Statutes (1983), and carrying a concealed firearm, in violation of section 790.01(2), Florida Statutes (1983), both offenses arising from the same act. He was sentenced to two years' community control to be followed by ten years' probation on the first charge, and time served on the second. The district court affirmed, specifically holding that the sentences did not constitute double jeopardy. In deciding that the stacking of probation on community control was permissible, it recognized conflict with Chessler v. State, 467 So.2d 1102 (Fla. 4th DCA 1985); Mitchell v. State, 463 So.2d 416 (Fla. 1st DCA), dismissed, 469 So.2d 750 (1985); and Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984).
Skeens argues that stacking is improper because the clear legislative intent underlying chapters 921 and 948 is that community control and probation are alternative sentencing dispositions that cannot be imposed in tandem. We disagree. Probation, community control, and incarceration are alternative options that the legislature has made available to meet the broad spectrum of sentencing needs. Each involves different *1114 procedures and restrictions. We see no reason why probation and community control cannot be stacked to meet individualized sentencing circumstances. In 1985, this Court amended the committee note following Florida Rule of Criminal Procedure 3.701(d)(13) to provide in part:
It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.
The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311, 317 (Fla. 1985) (emphasis omitted). This change was adopted by the legislature the following year. Ch. 86-273, § 2, Laws of Fla. The amendment constitutes a clarification of existing law, not a change in substantive law, and ex post facto considerations are inapplicable.
The act underlying Skeens's offenses took place prior to July 1, 1988, and the double jeopardy issue, therefore, is controlled by Carawan v. State, 515 So.2d 161 (Fla. 1987). Under the Carawan analysis, carrying a concealed firearm and possession of a firearm by a convicted felon are separate offenses and can properly arise from a single act. A felon can be punished under section 790.23, Florida Statutes (1983), for being in simple possession of a firearm. Carrying a concealed firearm, on the other hand, constitutes a distinctly different offense, warranting the separate punishment authorized by section 790.01(2), Florida Statutes (1983). The offenses contain different elements  one pertains only to felons, the other only to concealed weapons  and address different evils  one pertains to a class of individuals at increased risk of committing crime, the other pertains to a manner of possession conducive to the commission of crime.
Accordingly, we approve the decision of the district court below and disapprove those of the courts in Chessler, Mitchell, and Williams, to the extent that they conflict with this ruling.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.