556 So.2d 823 (1990)
Anthony Bernard DENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2929.
District Court of Appeal of Florida, First District.
February 15, 1990.
Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Certified Legal Intern, Richard E. Doran, Asst. Atty. Gen., for appellee.

ON REHEARING GRANTED
WENTWORTH, Judge.
In this appeal we previously reversed orders placing appellant on probation following periods of community control for multiple offenses, as reported in Denson v. State, 14 FLW 2053 (Fla. 1st DCA September 1, 1989), based in part upon the 1984 decision in Williams v. State, 464 So.2d 1218 *824 (Fla. 1st DCA 1984). We were subsequently advised by counsel of this court's June 27, 1989 per curiam decision in Ray v. State, 545 So.2d 1372 (Fla. 1st DCA 1989), which reached a contrary result in similar circumstances without written opinion, and which had not been called to our attention while the cases were pending here. We therefore stayed the mandate in Denson and withdrew our initial opinion; the mandate in Ray was thereafter withdrawn. The two cases were submitted to the full court to determine whether they should proceed to en banc resolution, and en banc consideration was initially approved. Upon conference of a majority of the members of the court en banc consideration was dissolved, and the panel in Ray has now issued an opinion approving the imposition of probation following a period of community control. See Ray v. State, 556 So.2d 495 (Fla. 1st DCA 1990). Adhering to principles of orderly judicial procedure and established notions of stare decisis, we accept the prior decision in Ray as controlling and thus likewise affirm the tandem sanction of community control and probation in the present case.
In applying Ray, we note that the amendment to Fla.R.Crim.P. 3.701(d)(13), and the explanatory comment thereto, is given the effect of overruling this court's decision in Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984), without any corresponding revision of sections 948.01 and 921.187, Florida Statutes. As the panel in Ray recognized, this ruling is in conflict with Cox v. State, 550 So.2d 1169 (Fla. 4th DCA 1989), which relied on our original decision in this case, and Reed v. State, 545 So.2d 891 (Fla. 4th DCA 1989).
In placing appellant on community control and probation the court also imposed various conditions, including a requirement that appellant pay restitution as indicated in a presentence investigation report. Appellant contested the stated amount, and a hearing was held. Evidence indicated that the total restitution included over $5,800 for property taken in a burglary for which appellant had not been charged. Appellant's offense of dealing in stolen property involved some of the items taken in this burglary, but the additional restitution relates to other items which were taken in the burglary and not recovered, and physical damage to property and related expenses.
Section 775.089(1)(a), Florida Statutes, authorizes restitution "for damage or loss caused directly or indirectly by the defendant's offense... ." The loss for which restitution is ordered need not be directly encompassed within the legal elements of an offense, but there must be a significant relationship between the loss and the offense. See J.S.H. v. State, 472 So.2d 737 (Fla. 1985); Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985).
In Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987), as in the present case and as in Jones, the defendant was convicted of dealing in stolen property but not the underlying burglary. The court in Cliburn disallowed an order of restitution for unrecovered property taken in the burglary, as there was "no evidence ... that the defendant was ever criminally involved in the commission of the ... burglary or that he had ever received the unrecovered property stolen in the subject burglary." While restitution was approved in Jones as to some items taken in the burglary but not found in the defendant's possession, the court emphasized that the evidence must establish a significant causal relation between the loss and the offense for which the defendant is convicted. In the present case the evidence does not establish such a relationship as to the various items taken in the burglary but not found in appellant's possession or involved in the offense of dealing in stolen property.
On authority of Ray, we affirm the orders appealed insofar as they impose the sanctions of community control and probation in tandem for each offense. On this point we certify conflict with Cox and Reed, supra. We reverse the orders insofar as they require restitution for property which was taken in a separate burglary and not involved in or related to appellant's offenses. The cause is remanded for further consistent proceedings.
*825 ERVIN, J., concurs.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (concurring).
I fully concur in Judge Wentworth's opinion and agree to follow Ray v. State, 556 So.2d 495 (Fla. 1st DCA 1990). I write only to explain certain disagreements with the rationale set forth in Ray.
I agree with the conclusion in Ray that the change in the language of rule 3.701(d)(13) effected by the supreme court's 1985 amendment was intended to make it "appropriate to impose a sentence of community control to be followed by a term of probation," as explicitly indicated in the Committee Note to that amendment. See The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines), Rule 3.701, 3.988, 482 So.2d 311 (Fla. 1985). The deletion from the rule of the words that community control "is a sanction which the court may impose upon a finding that probation is an unsuitable disposition" clearly indicates an intention to allow both community control and probation to be imposed in tandem, especially in light of the committee note. Thus, I accept the conclusion that the change in the wording of rule 3.701(d)(13) in 1985, as explained in the committee note, became the law of this state when adopted by the legislature and should be enforced as stated above.
This construction and application of the rule does not offend any provisions in either sections 921.187 or 948.01, Florida Statutes (1987). The language of sections 921.187 and 948.01 does not explicitly prohibit the imposition of community control and probation in the same sentence; rather, the somewhat ambiguous language of those sections has been the subject of conflicting constructions by different district courts of appeal as to whether the statutes do authorize such a sentence. Compare Cox v. State, 550 So.2d 1169 (Fla. 4th DCA 1989); Reed v. State, 545 So.2d 891 (Fla. 4th DCA 1989); Chessler v. State, 467 So.2d 1102 (Fla. 4th DCA 1985); Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984); with Petras v. State, 486 So.2d 44 (Fla. 5th DCA 1986); Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986). As these differences in construction of the statutory provisions and criminal rule remained unreconciled at the time the supreme court amended rule 3.701 and the legislature enacted that amendment in ch. 86-273, Laws of Florida, it is perfectly appropriate to treat this legislative amendment as validly clarifying and altering the construction of the other statutes given by this court in Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1984). This intervening circumstance warrants our no longer following Williams in my view.
I do not agree, however, with the statements in Ray that when the legislature adopted and implemented the 1985 amendment to rule 3.701(d)(13) by enactment of chapter 86-273, section 2, Laws of Florida, the legislature likewise adopted the committee note thereto so as to give that note the force and effect of law. Explanatory notes to legislative enactments are clearly pertinent in discerning the meaning to be given the language of the statute or rule commented on, but such commentary is not an integral part of the legislative enactment and to be given effect as such. See generally, 73 Am.Jur.2d, Statutes § 175 (1974). This is so even if the commentary is explicitly referred to in the statute or rule. Thus, I have no quarrel with looking to the committee note as an aid to be used in discerning the reason for and meaning of the amended language of the rule, but I cannot subscribe to the notion that the commentary is made a part of the rule itself and to be given effect as such. To give explanatory comments or notes explaining the meaning and purpose of the rule the same force and effect as the rule itself is a new and anomalous concept directly at odds with well-established principles of administrative law and statutory construction. While sentencing guidelines are undoubtedly a new and separate legal concept, their enactment and application need not be further complicated by the application of new principles that needlessly conflict with well-established ones, especially in this instance where the language change in the rule itself, read in light of *826 the committee note, is sufficient to convey its meaning. If committee notes are so important that they must be considered a part of the rule, common sense dictates that the explanation should be included in the text of the rule.
I am aware that the supreme court has stated in its opinion adopting the 1985 amendments to rule 3.701 that, "The committee notes adopted herein are part of the rules." The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines), Rule 3.701, 3.988, 482 So.2d at 312. I am equally aware that several appellate opinions of this court and other district courts of appeal cited in Ray also state that the committee notes are part of the guidelines rules, following the supreme court's lead. However, it is clearly established that the sentencing guidelines are matters of substantive law beyond the rule-making power of the supreme court and must be adopted as a statute by the legislature before they become effective as law. Smith v. State, 537 So.2d 982 (Fla. 1989). Looking to section 2 of chapter 86-273,[1] I find no language stating that the legislature adopted the supreme court's opinion or the committee notes; rather, the statute explicitly adopts only the rule amendments. Thus, notwithstanding the statement in the supreme court's opinion, 482 So.2d at 312, I do not conclude that the legislature necessarily approved this statement and adopted by implication the committee note as part of the rule.
Some might consider my objections on this point to be wasteful "technical nit-picking" since essentially the same ultimate result will be reached whether one merely considers the committee note as an aid in construing the rule or treats the note as part of the rule itself. But my concern goes far beyond the sentencing guidelines rules and their application in this instance. The application of sentencing guidelines in the criminal justice system has already caused enough controversy and, in the minds of some, distrust of the criminal justice system. There is no need to add to the controversy by employing novel principles making committee commentary an integral part of the rule itself. Should this now become a legal principle to be widely applied, it could have uncertain yet farreaching effect on the scope of legislative enactments in general and administrative rule-making in particular. The supreme court will undoubtedly have to review this case and Ray because of certified interdistrict conflicts on the same points of law, so I hope that the supreme court will readdress this matter and clarify that committee notes are to be followed in construing and applying the language of the sentencing guideline rules, but are not to be treated as an integral part of the rule itself.
NOTES
[1] That section reads:

Section 2. Rule 3.701 and Rule 3.988(a), (b), (c), (d), (f), (g), (h), and (i), Florida Rules of Criminal Procedure, as revised by the Florida Supreme Court on December 19, 1985, are hereby adopted and implemented in accordance with s. 921.001, Florida Statutes, effective October 1, 1986.