GOSHORN, Judge.
Robert James Jackson pled nolo contendere to carrying a concealed firearm (section 790.01(2), Florida Statutes (1989)) and possession of a firearm by a convicted felon (section 790.23, Florida Statutes (1989)). He contends that he cannot be convicted and sentenced for both offenses. *1244 We disagree. The Florida Supreme Court has held that carrying a concealed firearm and possession of a firearm by a convicted felon are separate offenses and may properly arise from a single act. See Skeens v. State, 556 So.2d 1113 (Fla.1990).
Jackson also pled guilty to possession of cannabis in an amount less than 20 grams (section 893.13(1)(g), Florida Statutes (1989)), a misdemeanor offense. Through clerical error the judgment incorrectly designates this crime as a third degree felony and it was scored as such on the guidelines scoresheet. Jackson received a 2V2 year term for this offense, which exceeds the statutory maximum punishment for a misdemeanor. Accordingly, Jackson’s conviction and sentence on this count are reversed and this case is remanded to the trial court for correction and resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and W. SHARP, JJ., concur.