QUINCE, Judge.
Christopher Milton challenges the amount of restitution ordered after his conviction for grand theft. We reverse because .the state did not demonstrate the total amount of the restitution was directly or indirectly attributable to the crime for which appellant was convicted.
Milton was charged by information with grand theft of nail guns. Both the defense attorney and the prosecutor indicated Milton was caught with three nail guns. These guns were allegedly taken during a burglary of the San Antonio Lumber Company. Milton denied any participation in the burglary, and he was neither charged with nor convicted of burglary.
At the restitution hearing Milton’s attorney agreed to the $250.00 restitution amount to be paid to Mr. Schrader, the owner of San Antonio Lumber Company. However, he argued the state did not prove the three nail guns were valued at $4,310.74. The testimony merely indicated this was the amount the insurance company reimbursed San Antonio Lumber for the burglary losses. There was no testimony concerning the number or kind of items taken during the burglary or the number or kind of items included in the $4,310.74 restitution amount.
Section 775.089(l)(a), Florida Statutes (1991), provides for the payment of restitution by a defendant for damage or loss caused directly or indirectly by his offense. J.S.H. v. State, 472 So.2d 737 (Fla.1985). Milton pled guilty to the loss of three nail guns. The restitution must be limited to the cost of those items.
This case is factually similar to the situation addressed in Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991), where the defendant was convicted of dealing in stolen property. The defendant was ordered to make restitution for all of the property taken in a burglary. The fifth district reversed since the defendant was charged with theft of two rifles, not burglary. See also Martel v. State, 596 So.2d 100 (Fla. 2d DCA 1992).
Since Milton was convicted of grand theft of the nail guns and he was not associated with the burglary, he cannot be required to make restitution for any items not included in the information. O’Connor v. State, 587 So.2d 596 (Fla. 2d DCA 1991). We reverse the order setting restitution at $4,310.74[1] and remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.

. Milton's attorney agreed to the $250.00; therefore, it is not the subject of this appeal.