PATTERSON, Judge.
The appellant challenges his judgment and sentence for felony petit theft. We find no merit in his argument that the trial court erred in denying his motion to dismiss. However, the appellant correctly argues that the trial court erred in ordering him to pay restitution.
The appellant was found in possession of stolen computer disks and a disk holder belonging to the law firm of Holland and Knight. He was charged with the theft of “certain computer equipment and disks.” He pled nolo contendere to felony petit theft. At sentencing, the trial court ordered the appellant to pay $3,767.32 in restitution for a computer and a printer which were taken during the burglary of Holland and Knight.
The trial court erred in ordering the appellant to pay $3,767.32 for a burglary for which he was not charged. See Johnson v. State, 599 So.2d 781 (Fla. 1st DCA 1992) (error in ordering defendant to pay restitution for a burglary when defendant was charged with dealing in stolen property). The state did not show that the damage or loss of the computer and the printer bore a “significant relationship” to the felony petit theft. See Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985) (to require the defendant to pay restitution, damage to the victim must bear a significant relationship to the offense for which the defendant was convicted), review denied, 488 So.2d 830 (Fla.1986). The only stolen items the state connected to the appellant were disks and a disk holder, which were recovered. Since the appellant cannot be required to pay for property which the victim recovers, the trial court erred in ordering any restitution. See Jones, 480 So.2d at 164-65.
Affirmed in part; reversed in part and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.