733 So.2d 1055 (1999)
Theresa L. CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00448.
District Court of Appeal of Florida, Second District.
April 21, 1999.
*1056 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DANAHY, PAUL W., (Senior) Judge.
Teresa Chapman challenges the judgment and sentences imposed after she pleaded no contest to one count of dealing in stolen property and one count of grand theft. She argues, the State concedes, and we agree that the trial court erred in ordering her to pay restitution for all the items stolen in a burglary of the victim's storage shed where appellant was not charged with the burglary, nor was there any evidence implicating her in that crime. We, therefore, reverse the order of restitution and remand for a new restitution hearing.
Chapman pleaded to one count of grand theft of audio equipment and "other items" and one count of dealing in stolen property involving "carvings or other items."[1] The victim in both counts, Jasmine Mitha, testified at the restitution hearing that the items which were the subject of the above charges were stolen in a burglary of her storage shed. The trial court ordered Chapman to pay restitution for all the property that was taken from the shed, including items never associated with Chapman.
Pursuant to section 775.089(1)(a), Florida Statutes (1995), Chapman is required to pay restitution for damage or loss caused directly or indirectly by her offenses and for damage or loss related to her criminal episode. See A.G. v. State, 718 So.2d 854 (Fla. 4th DCA 1998). In this case, Chapman was not charged with the burglary of the storage shed and no evidence linked her to the commission of that offense. The State concedes that Chapman is only responsible for restitution for the stolen items which she actually or constructively possessed. We agree, except to clarify that Chapman is responsible for the specific items listed in the two counts of the information to which she pleaded and any other property taken from the storage shed that is determined to have been in her actual or constructive possession as this property would be covered by the "other items" designation used in those two counts. See Milton v. State, 644 So.2d 143 (Fla. 2d DCA 1994) (where defendant pleaded to information charging him with grand theft of three nail guns which were taken in a burglary, but was not charged with or otherwise associated with burglary, he was only liable for restitution for the nail guns and not the other items taken in the burglary).[2]
We, therefore, affirm the judgment and sentences but reverse the order *1057 of restitution and remand for a new restitution hearing. In setting the amount of restitution, the trial court may use the fair market value of the property or, if that is difficult to determine or would not otherwise adequately compensate the victim, it may, in arriving at a fair amount, take into account any appropriate factor which would adequately compensate the victim for her loss and further the purposes of restitution. See State v. Hawthorne, 573 So.2d 330 (Fla.1991). We note that the testimony at the restitution hearing indicated that some of the stolen property which was determined to have been in Chapman's possession was recovered, apparently undamaged. If this is the case, Chapman is not liable in restitution for the recovered items. See Smith v. State, 664 So.2d 1047 (Fla. 2d DCA 1995). However, if the recovered property was damaged, the amount of restitution should be offset by the salvage value, if any, of that property. See Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded for a new restitution hearing.
PATTERSON, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Chapman did not move for a statement of particulars.
[2] Milton v. State, 644 So.2d 143 (Fla. 2d DCA 1994), interpreted section 775.089(1)(a) prior to its 1993 amendment which added the condition that a defendant must make restitution for damage or loss related to his/her criminal episode. See Ch. 93-37, § 1, at 198, Laws of Florida. Here, however, the State did not establish that the burglary was part of any criminal episode of Chapman.