870 So.2d 877 (2004)
Michael JOHNSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2046.
District Court of Appeal of Florida, First District.
March 5, 2004.
*878 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING

[Original opinion at 29 Fla. Law Weekly D96.]
PER CURIAM.
We withdraw our opinion filed December 31, 2003, and substitute the following opinion. We grant appellee's motion for rehearing, insofar as it pertains to the factual distinction between the instant case and Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985), and to the underlying purpose of the restitution statute. See § 775.089, Fla.Stat. (Supp.1994). The motion is otherwise denied.
The appellant, Michael Johnston, appeals his conviction and sentence for three counts of dealing in stolen property. The appellant contends that the trial court erred by ordering restitution for all losses resulting from the burglary of the victim's home. We affirm the trial court's order of restitution with respect to the items stolen from the victim's home, but reverse with respect to the damages to the victim's home.
The amount of restitution ordered by a trial court is subject to review for an abuse of discretion. Ashton v. State, 790 So.2d 1115, 1117 (Fla. 5th DCA 2001). A trial court must order a defendant to make restitution for damage or loss caused directly or indirectly by the defendant's offense, and damage or loss related to the defendant's criminal episode. § 775.089(1)(a), Fla. Stat. (Supp.1994). However, the general rule is that restitution may not be ordered for any loss which resulted from an offense for which the defendant was not charged or convicted. Watson v. State, 699 So.2d 835, 837 (Fla. 3d DCA 1997); Smith v. State, 664 So.2d 1047, 1048 (Fla. 2d DCA 1995); Faulkner v. State, 582 So.2d 783, 784 (Fla. 5th DCA 1991); Denson v. State, 556 So.2d 823, 824 *879 (Fla. 1st DCA 1990). Nonetheless, the general rule does not apply where there is a significant relationship between the loss for which restitution is ordered and the defendant's offense. See Denson, 556 So.2d at 824; Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985).
Ms. Janis Milin's home was burglarized and she subsequently found several of the stolen items at local businesses. Three proprietors, who knew the appellant from previous transactions, identified the appellant as the seller of the items stolen from Ms. Milin. The appellant was charged with burglarizing the home of Ms. Milin, three counts of dealing in stolen property belonging to Ms. Milin, grand theft, and criminal mischief. Thereafter, he negotiated a plea agreement whereby he pled nolo contendere to the dealing in stolen property offenses and the state nolle prossed the remaining offenses. The court ordered appellant to make restitution for all losses resulting from the burglary.
We conclude that restitution for the items stolen during the burglary is proper, because the loss bears a significant relationship to the dealing in stolen property. See Jones, 480 So.2d at 164. See also Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995)("Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole."). Thus, the trial court did not abuse its discretion in ordering the appellant to pay restitution for all of the items stolen during the burglary. We reach a different conclusion in regard to the victim's claim for the cost to clean and to repair the burglarized home.
At the September 20, 2003, restitution hearing, counsel for the state advised the trial court that the plea agreement contemplated restitution for all of the victim's loss, except the cost to repair damage to the home. In reviewing the itemized list of property stolen in the burglary of the victim's home, counsel for the state urged that appellant should be required to pay restitution for all amounts claimed, less the cost to clean and repair the premises, and indicated that $1,050[1] should be deducted from the total amount of restitution claimed.[2]
The restitution order in this case directs appellant to pay restitution in the total amount of $27,555.00. Because the amount of restitution ordered is less than the total amount the victim claimed, we are uncertain whether the trial court included the $1,050 repair cost in the total amount of restitution which appellant is required to pay.
Accordingly, we reverse in part and remand with directions to the trial court to determine whether the restitution ordered included $1,150 for the cost to repair and to clean the victim's home, and, if so, to deduct that amount from the restitution order.
*880 AFFIRMED IN PART and REVERSED IN PART.
ERVIN, DAVIS and BROWNING, JJ., CONCUR.
NOTES
[1] The victim testified concerning the value of items removed from the home and not recovered, and placed into evidence an itemized list of those items, together with the value of each. The $1,050 cost of repair is further itemized to reflect $900 as cleaning cost and $150 as repair cost.
[2] In its motion for rehearing, the state argues for the first time that the plea negotiation contemplated compensation to the victim for the full extent of her losses incurred by the criminal episode, including the cost to clean and to repair the burglarized home. At the trial level, counsel for the state advised the trial court that the repair cost should be deducted from the total amount of restitution claimed by the victim. In view of the position taken by the state at the trial level, we decline to consider appellee's inconsistent argument in the motion for rehearing. See Lee v. City of Jacksonville, 793 So.2d 62, 63 (Fla. 1st DCA 2001).