DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BERNARD DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1156

[April 18, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562014CF1630.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Bernard Davis appeals his conviction and sentence for numerous drug-related offenses following an open plea. Appellant argues that the trial court fundamentally erred by: (1) adjudicating him guilty of second-degree felony sale of MDMA; and (2) imposing charges for specific narcotics that were not charged. For the reasons discussed below, we reverse and remand for correction of the judgment as to four of the counts and resentencing as to one of the counts.

Appellant was charged by information with 64 counts of drug-related offenses, including the trafficking, purchase, sale or delivery, and conspiracy to sell cocaine, MDMA, hydromorphone, and oxycodone. Appellant agreed to plead no contest to a number of the counts, including count 26, for a negotiated maximum sentence of thirty years. Count 26 charged Appellant with sale or delivery of MDMA in violation of section 893.13(1)(a) of the Florida Statutes and was designated as a second-degree felony offense.

Prior to the change of plea hearing, the State drafted a written plea agreement which Appellant referenced in his plea form. Except where Appellant was pleading to a lesser included offense, the written agreement only referenced the count numbers listed in the information and not the name of each specific charge. At the change of plea hearing, the trial court was provided with a copy of the written plea agreement as well as the charging document. Pursuant to the plea agreement, the court sentenced Appellant to thirty years in prison on the first-degree felony trafficking of oxycodone count and concurrent fifteen year sentences on each of the remaining counts. Aside from counts 57, 70, and 105 which were incorrectly listed as convictions for sale or delivery of oxycodone, the convictions listed in the written judgment coincided with the offenses listed in the information and written plea agreement.

Appellant first argues that the trial court fundamentally erred by adjudicating him guilty of second-degree felony sale of MDMA (count 26) because the applicable statute classifies the simple sale or delivery of MDMA as a third-degree felony. Accordingly, Appellant requests that we remand for the trial court to vacate his conviction for second-degree felony sale or delivery of MDMA and to resentence him on the remaining counts. The State concedes that count 26 was incorrectly classified as a second-degree felony, however it argues that Appellant is only entitled to resentencing on that count only. We agree with the State.

Section 893.13 of the Florida Statutes provides that any person who sells or delivers a controlled substance named or described in section 893.03(1)(c) commits a felony of the third degree. § 893.13(1)(a)2., Fla. Stat. (2014). MDMA is listed as a controlled substance under section 893.03(1)(c), thus making the simple sale or delivery of MDMA a third-degree felony. § 893.03(1)(c)165., Fla. Stat. (2014). Subsection 893.13(1)(c)2., however, provides that if a person sells or delivers a controlled substance listed under section 893.03(1)(c) within 1,000 feet of certain establishments, the person "commits a felony of the second degree." § 893.13(1)(c)2., Fla. Stat. (2014).

In the present case, count 26 of the information alleged that Appellant "did knowingly sell or deliver a controlled substance, [MDMA], or any mixture thereof, in violation of Florida Statute 893.13(1)(a)." It is clear, based on the subsection of the statute referenced, that the State was charging Appellant with simple third-degree felony sale or delivery of MDMA in count 26. Nonetheless, the designation "(F2)" was added at the end of the count, thus incorrectly classifying count 26 as a second-degree felony. This appears to have been a simple scrivener's error which went uncaught by all parties throughout the proceedings below. Appellant's

plea of no contest to that incorrectly classified count, in turn, resulted in a fifteen-year sentence, which exceeds the five-year statutory maximum punishment for a third-degree felony. § 775.082(3)(e)., Fla. Stat. (2014).

Under these circumstances, the appropriate remedy is to reverse Appellant's sentence for count 26 and remand for correction of the judgment to reflect the correct degree of felony and resentencing as to that count only. *See Jackson v. State*, 564 So. 2d 1243, 1244 (Fla. 5th DCA 1990). Appellant is not entitled to resentencing on the remaining counts with a corrected scoresheet as Appellant's sentence on those counts were imposed pursuant to a negotiated plea agreement. *See Ruff v. State*, 840 So. 2d 1145, 1147 (Fla. 5th DCA 2003) ("In essence, scoresheet errors are considered harmless when a sentence is the result of a negotiated plea agreement." (footnote omitted)).

Appellant next argues that the court fundamentally erred when it orally imposed charges for specific narcotics not alleged in the information. Specifically, Appellant maintains that when the court orally pronounced that Appellant was entering a plea of no contest to "counts 1, 3, 5, 15, 18, 26, 36, 38 and 48 to the lesser included offense of sale or delivery of Oxycodone," the court converted counts 1, 3, 5, 15, 36, and 38, which did not involve oxycodone related offenses, into sale or delivery of oxycodone offenses. We reject this argument because it is clear from the record that, except for the counts which were amended to reflect lesser included offenses, the parties intended to rely on the charging document for a description of the charges associated with each count number listed in the written plea agreement.

Nonetheless, both parties agree that the written judgment incorrectly lists the offenses for counts 57, 70, and 105 as sale or delivery of oxycodone instead of sale or delivery of hydromorphone as correctly pronounced at the change of plea hearing. Accordingly, we remand with instructions that the trial court correct the written judgment as to those counts. *See Martindale v. State*, 678 So. 2d 883, 883 (Fla. 4th DCA 1996).

*Affirmed in part, reversed in part and remanded.*

GERBER, C.J., and MAY, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3