PETERSON, Judge.
Minnie Robbins appeals two orders of restitution. One of the orders is in the amount of $1289.60 and the other simply reserves jurisdiction to determine the amount. The orders were entered after Robbins changed her pleas to no contest. She executed plea agreements in one case for two counts of third degree grand theft, and in the other to one count of fraudulent use of a credit card. Both plea agreements, read and signed by Robbins, provided that she would be required to pay restitution, but one did not set forth the amount.
Robbins’ attorney objected at the sentencing hearing to the imposition of restitution and argued:
MS. TENNIS: Your Honor, just for the record, we would be objecting to an order of restitution at this time. Ms. Robbins is going to be in prison for some time on this charge. Due to probably her horrible record, I doubt that she is ever going to be able to maintain a job that earns more than probably minimum wage, and who knows how long after she’s — how many years down the road it will be before she is able to maintain a job at all. I don’t think that there’s any reasonable expectation of her being able to pay back this restitution. On those grounds we would be objecting to its being ordered.
The trial court’s order of restitution of $1289.60 was not made a condition of any probation, nor was a schedule of payments ordered. The court reasoned that since the restitution order was not tied to the criminal case, it operated solely as a civil judgment pursuant to section 885.089(5), Florida Statutes. Thus, the court reasoned, the court did not have to find a present ability to pay because there was no way to execute on the judgment unless the defendant had the ability to pay.
No evidence to support the arguments made in behalf of Robbins was presented, although her criminal record and time of incarceration were known by the court when it sentenced her to two concurrent terms of ten years and a concurrent term of five years. One of the ten year sentences was to be served as an habitual offender. No evidence was presented to the court that Robbins would not have future earnings with which to pay the small amount of restitution ordered. There was only the pessimistic argument made by Robbins’ counsel that, because Robbins had been sentenced to a ten year term of incarceration (the actual term of service of which might be considerably less) and would never earn more than the minimum wage, she would never be able to pay the sum ordered. The latter argument may ultimately prove to be true, but is not a certainty. The burden of demonstrating the potential future financial resources and needs of the defendant and her dependents was upon Robbins and she failed to introduce any evidence on this matter. § 775.089(7), Fla.Stat. (1993).
Robbins, through her counsel, made the admission that she was capable of working and earning at least minimum wage. In Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991), this court held that evidence that the defendant would seek work in the service industry at an hourly wage of $7.00 to $8.00 per hour for a 40 hour work week indicated a future earning ability and supported a restitution order. Here, the small amount of the restitution order is not beyond a person’s ability to pay who makes a minimum wage. Paying the restitution may require Robbins to work beyond an eight hour day and give up some creature comforts but this extra effort is made by many law abiding citizens to educate their children or to enjoy nones-sentials. Restitution should at the very least enjoy the same priority as nonessential items on the payment schedule.
 We find no error in the order requiring restitution but not setting forth the *941 amount. The court reserved jurisdiction to determine the amount at a later hearing. Unless the amount is first determined, it is impossible to predict whether Robbins will ever have the ability or inability to pay it. The appeal of that order is premature.
The orders of restitution are affirmed.
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.