790 So.2d 1115 (2001)
Dana ASHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1445.
District Court of Appeal of Florida, Fifth District.
June 1, 2001.
Rehearing Denied August 10, 2001.
*1116 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Dana Ashton appeals from a restitution order. The award arose from her conviction and sentence, after a plea, for the crimes of conspiracy to commit burglary of a dwelling[1] and grand theft[2].
According to the record, Ashton telephoned one of the victims, Taylor Carty, and asked the victim for a ride because Ashton's auto had broken down. While Carty was out, Ashton and a friend drove to Carty's residence, broke into the house, and stole a safe. Ashton pled guilty and was sentenced to 17 months in prison to be followed by five years of drug offender probation, conditions of which were to include the payment of restitution.
A restitution hearing was held in which the state presented the testimony of Carty alone to prove the appropriate amount of restitution. Carty testified that when her home was burglarized by Ashton and Ashton's cohort, "[a] safe with cash and a gold chain inside" was stolen. She testified that the safe held $3500 cash at the time of theft, and Ashton's trial counsel objected, suggesting that Carty "had no personal knowledge as to that amount." In response to the objection, the trial court asked the state to rephrase the question, which had been "[w]hat did you have in that safe?" Instead, the state rephrased and asked, "[d]o you know how much cash was in the safe?" Carty said "yes" and then explained that she put the cash in the safe on either the night before the burglary or the day of the burglary and counted it herself before putting it in the safe. The cash was not Carty'sit belonged to *1117 her roommate, Greg Lee. Carty testified that Lee had gone on a trip to California, but, after withdrawing the cash from a bank for the trip, had decided not to take the money with him and had the money put in the safe.
On cross-examination, defense counsel questioned Carty about the police report, which indicated the safe contained $1000.00; counsel asked Carty if she recalled telling the officer that $1000.00 was in the safe. She did not remember having said that. Defense counsel stated that in an earlier deposition Carty had said the safe contained $3000.00. At this point, Carty conceded that she was merely assuming she had counted the money, and that her testimony that there was $3500.00 in the safe was based on what her roommate had told her. The defense objected again and moved to strike the earlier testimony that there was $3500.00 in the safe, pointing out that the $3500.00 figure was based on hearsay. The trial court overruled the objection and denied the motion to strike.
The trial court orally ruled at the hearing that he would order restitution of $3000.00 cash. A written order was later entered reflecting this amount, along with the other restitution due as to other matters.
The burden of proof in proving restitution is on the state, which must prove the proper amount of restitution to be made by a preponderance of the evidence. See § 775.089(7), Fla. Stat. (1999). In reviewing the order of the trial court, we must consider whether the trial court abused its discretion. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla. 1991)("this Court has recognized that `[t]he statutory provisions requiring the imposition of restitution recognize the discretion of the trial court in determining the amount of restitution.'")(quoting Spivey v. State, 531 So.2d 965, 966 (Fla.1988)).
As to the $3000.00 award for the cash that was allegedly in the safe at the time of the burglary, there is no evidence in the record supporting that figure. On direct, Carty said there was $3500.00 in the safe, yet the trial court only awarded $3000.00. The only place in the record where $3000.00 is mentioned is when trial defense counsel impeached Carty by pointing out that during her deposition she stated that the amount in the safe was $3000.00. That figure was only introduced for impeachment, not as testimony to be considered as evidence by the court. Moreover, later in the hearing Carty conclusively acknowledged that the $3500.00 figure was based on what she was told by her roommate and she only assumed that she had counted the money herself. Hearsay alone is not sufficient to support an award of restitution. See Delks v. State, 622 So.2d 624, 625 (Fla. 2d DCA 1993)(hearsay evidence inadmissible to prove amount of restitution where defendant made timely objection to hearsay evidence)(citing Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991)). For some unexplained reason, the state failed to present the actual victim in this case, who could have testified to the court firsthand how much money was in the safe. The burden of demonstrating the amount of loss is on the state, which failed to carry that burden, leading to the trial court abusing its discretion in awarding $3000.00 in restitution for the stolen cash.[3]
We reverse and remand on the matter of the amount of the stolen cash and instruct the trial court to have another hearing as to this issue.
*1118 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
HARRIS and PALMER, JJ., concur.
NOTES
[1] § 810.02(3)(b), Fla. Stat.(1999).
[2] §§ 810.014(1), 812.014(2)(c)(1), Fla. Stat. (1999).
[3] We find that the other complaints raised below and on appeal do not merit discussion.