905 So.2d 1031 (2005)
C.T.H., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1025.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
C.T.H. appeals the trial court's order directing him to pay restitution. Concluding that the State failed to establish which of the restitution damages claimed were related to the charge which was the subject of the restitution hearing, we reverse and remand for a new restitution hearing.
The State charged C.T.H. with committing the crimes of trespass to a structure or conveyance and resisting a law enforcement officer without violence. The offenses occurred on or about August 12, 2003, when C.T.H. entered the residence of Peter Mendelson without permission. When a police officer saw C.T.H. leaving the residence, he became suspicious and *1032 called out to C.T.H. to stop. Instead of stopping, C.T.H. ran away causing the officer to chase him in order to apprehend him.
Subsequently, C.T.H. entered a no contest plea to the charges. He was adjudicated delinquent and committed to a moderate risk program. The trial court reserved jurisdiction as to the State's request for restitution.
At the restitution hearing, Mendelson testified that C.T.H. trespassed on his property several times and that during one of these incidents, C.T.H. sprayed a fire extinguisher in Mendelson's living room. Mendelson further stated that C.T.H. and a friend totally ransacked his house. Mendelson submitted an exhibit wherein he listed twelve items that were stolen or damaged, with a total value of $799. In addition, Mendelson claimed he spent 120 hours cleaning up the mess in his home, at an estimated cost of $480. His exhibit listed 40 hours of time spent cleaning his residence after C.T.H. set off a fire extinguisher "back in May."
C.T.H. objected to the amount of restitution requested by Mendelson, stating that the State had not presented any evidence that the stolen items were stolen during the incident which led to the instant charges nor had the State filed any additional charges to cover the theft. In addition, he argued that the clean-up charges were not tied to the incident which led to the charges.
Upon review, the trial court ordered restitution in the amount of $1,279. C.T.H. challenges this ruling, arguing that the restitution order must be reversed because the State failed to demonstrate how the awarded restitution was related to the instant trespass charge. We agree.
Section 775.089(1)(a)1 and 2, Florida Statutes (2002) authorizes the trial court to order a defendant to pay restitution as follows:
775.089. Restitution
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition of probation in accordance with s. 948.03. An order requiring the defendant to make restitution to a victim does not remove or diminish the requirement that the court order payment to the Crimes Compensation Trust Fund pursuant to chapter 960. Payment of an award by the Crimes Compensation Trust Fund shall create an order of restitution to the Crimes Compensation Trust Fund, unless specifically waived in accordance with subparagraph (b)1.
§ 775.089(1)(a)1 and 2, Fla. Stat. (2002). Pursuant to the terms of the statute, before ordering restitution, the trial court "must find that loss or damage is causally connected to the offense and bears a significant relationship to the offense." Glaubius v. State, 688 So.2d 913, 915 (Fla. 1997). Restitution can not be ordered for any loss which resulted from an unrelated offense for which the defendant was not charged or convicted. See, e.g., Johnston v. State, 870 So.2d 877 (Fla. 1st DCA 2004); Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991).
Here, the State argues that C.T.H. was charged with committing several crimes *1033 including Case 03-586 (trespass and resisting arrest without violence occurring on August 12, 2003), Case 03-601 (grand theft auto occurring in June 2003), Case 03-655 (petit theft, occurring on August 24, 2003), and that all of the cases involved the same victim, Mr. Mendelson. The State alleges that all these cases came before the trial court during the March 15, 2004 restitution hearing. However, a review of the transcript of the restitution hearing indicates that the restitution hearing was only held on Case 03-586 which involved the charges of trespass to a structure and resisting arrest without violence. As a result, the amount of restitution allowed in this case can only be awarded for damage resulting from those crimes.
While it is clear from the record that C.T.H. caused damage to Mr. Mendelson's property, it is unclear what damage was related to the trespass charge that occurred in Case No. 03-586 in August, 2003. For example, there is no indication from the juvenile charging petition what damages occurred to Mendelson's home relating to the trespass charges, nor is there any specific indication in the record how the restitution amount requested is causally linked to the August 2003 trespassing charge. Accordingly, the trial court abused its discretion in ordering restitution for all the items claimed by Mendelson. See S.M. v. State, 881 So.2d 78 (Fla. 5th DCA 2004).
Therefore, the trial court's restitution order must be reversed and the case remanded for a new restitution hearing.
REVERSED and REMANDED for a new restitution hearing.
ORFINGER and MONACO, JJ., concur.