SAWAYA, J.
William Kiefer appeals the Judgment and Restitution Order contending that, with respect to some of the articles of personalty he stole from the victim, the trial court erred in imposing restitution in an amount that exceeds the value of those articles. The State cross-appeals the same order, claiming the trial court erred in devaluing the stolen property by fifteen percent for depreciation, where the record contains no evidence of how the trial court determined this to be the proper depreciation rate. We affirm as to all issues raised by Kiefer in the main appeal. As to the issue raised in the cross-appeal, we can provide no relief to the State even though the State is correct in its assertion of error.
After he pled guilty to grand theft for stealing a safe and its contents from the victim’s home, Kiefer was placed on probation and ordered to pay restitution. At the restitution hearing, the value of a high school class ring, an engagement and wedding ring set, and multiple savings bonds was disputed. Based on the evidence that was presented to the trial court regarding the value of each of these items, the court determined the amount of restitution by depreciating the value of each item by fifteen percent. The State did not object to application of the depreciation rate.
Review of restitution orders generally requires application of the abuse of discretion standard. Ashton v. State, 790 So.2d 1115 (Fla. 5th DCA 2001). Hence, affir-mance is required if substantial competent evidence supports the trial court’s factual findings. Molter v. State, 892 So.2d 1115 (Fla. 2d DCA 2004).
*574 The general rule applicable to awards of restitution is that the correct measure of damages is the fair market value of the property at the time of the offense. Ibrahim v. State, 866 So.2d 749 (Fla. 5th DCA 2004). Fair market value can be determined through consideration of: (1) original market cost; (2) the manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation. Id.
As to the issues raised by Kiefer, our review of the record reveals that the trial court properly considered these factors. The record also reveals substantial competent evidence supporting the trial court’s valuation of the disputed articles of personalty Kiefer stole from the victim. Accordingly, the errors Kiefer alleges do not exist.
Turning to the issue raised in the cross-appeal, the same standard of review applies. Although depreciation is a factor that the trial court can consider in establishing the amount of restitution, there must be sufficient evidence in the record to support application of a depreciation rate. Nowhere in the record do we see any finding by the trial court to explain how it arrived at the fifteen percent depreciation rate, nor do we see substantial competent evidence to support the trial court’s application of the depreciation rate to the stolen items. We conclude, therefore, that the trial court erred in arbitrarily depreciating the value of the items stolen from the victim.
 Despite the error, we are unable to grant the relief requested by the State because it failed to properly preserve the error for review by this court. In order to properly preserve an error for review, the complaining party must comply with three requirements: 1) contemporaneously object at the time the alleged error is made; 2) state a legal ground for the objection that fairly apprises the trial court of the error and the relief sought; and 3) present the specific argument made to the trial court in the appeal. Harrell v. State, 894 So.2d 935 (Fla.2005). “Commonly referred to as the contemporaneous objection rule, the rationale for its application is two-fold: 1) to require an objection at the time the error is committed to give the trial court the opportunity to correct it; and 2) to prevent a litigant from allowing an error to go unchallenged so it may be used as a tactical advantage later.” Crumbley v. State, 876 So.2d 599, 601 (Fla. 5th DCA 2004) (citation omitted). We have held that the contemporaneous objection rule applies to restitution proceedings. See Noland v. State, 734 So.2d 464 (Fla. 5th DCA 1999); Mitchell v. State, 664 So.2d 1099 (Fla. 5th DCA 1995).
Because the error asserted by the State is not fundamental, see Gliszczynski v. State, 654 So.2d 579 (Fla. 5th DCA 1995), the State’s failure to comply with the contemporaneous objection rule is an impediment that it cannot overcome. Lacking the ability to grant the State the relief it would otherwise be entitled to, and having the ability to deny the requested relief that Kiefer is not entitled to, we affirm the Judgment and Restitution Order.
AFFIRMED.
PLEUS, C.J., and ORFINGER, J., concur.