NORTHCUTT, Judge.
 

 Lee Johnson pleaded guilty to two charges of lewd and lascivious molestation. The court sentenced him to two consecutive terms of fifteen years’ imprisonment but did not impose any probation. The court also imposed conditions requiring that Johnson have no contact with the victims of his crimes, that he have no contact with anyone under the age of 18, and that he pay the cost, if any, of the victims’ counseling while he was imprisoned. We strike the condition prohibiting contact with anyone under the age of 18 and affirm the two other conditions.
 

 Section 921.244(1), Florida Statutes (2008), authorizes a court to prohibit an offender convicted of lewd and lascivious crimes from having contact with his victims.
 
 [1]
 
 Section 775.089(2)(a), Florida Statutes (2008), permits restitution for a victim’s psychological care. We treat the condition requiring Johnson to pay for counseling as an order reserving jurisdiction to award such restitution. Because the court has not held a hearing and has not determined an amount to be paid, Johnson’s challenge is premature.
 
 See Robbins v. State,
 
 641 So.2d 939, 941 (Fla. 5th DCA 1994).
 

 Thus, two of the imposed conditions are statutorily authorized. We find no authority for the third condition, prohibiting contact with anyone under the age of 18. Accordingly we strike that condition.
 

 Affirmed in part; stricken in part.
 

 VILLANTI and LaROSE, JJ., Concur.
 

 [1]
 

 . As a practical matter, this condition was likely unnecessary. For Johnson to see the victims, they would have to visit him in prison.