PER CURIAM.
 

 The appellant challenges the summary denial of his postconviction motion. The postconviction court treated the appellant’s motion as though it were filed pursuant to rule 3.800(c) and denied it as untimely. However, the appellant’s motion alleges that the portion of his sentence which prohibits contact with anyone under the age of 18 is illegal. If such a condition is included in the appellant’s sentence, it is not statutorily authorized and is impermissibly vague.
 
 See Johnson v. State,
 
 27 So.3d 211 (Fla. 2d DCA 2010);
 
 Calidonio v. State,
 
 951 So.2d 87 (Fla. 1st DCA 2007). Because the appellant’s motion should have been considered as timely filed pursuant to rule 3.800(a), we reverse for consideration of the appellant’s motion on the merits.
 

 Accordingly, we hereby REVERSE the postconviction court’s order and RE
 
 *101
 
 MAND for consideration of the appellant s motion on the merits.
 

 BENTON, PADOVANO, and CLARK, JJ., concur.