DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RACHELLE MARIE JAMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4854

[July 12, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562013CF003237A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Rachelle James appeals the trial court's restitution order requiring her to pay $22,997.95 with respect to thirty pieces of jewelry that were stolen from the victim. Appellant originally pled no contest to seven counts of giving false information to a pawnbroker contrary to section 539.001(8)(b)8.a., Florida Statutes (2013), and seven counts of dealing in stolen property contrary to section 812.019(1), Florida Statutes (2013). On appeal, Appellant first argues the trial court incorrectly ordered restitution for twenty pieces of jewelry. She secondly argues that the trial court miscalculated the restitution value for almost all of the jewelry for which restitution was appropriate. As set forth below, we agree with Appellant's first argument and therefore reverse in part the restitution order concerning twenty of the jewelry pieces. Due to Appellant's failure to object below to the valuation of the remaining ten items, we affirm with respect to those jewelry pieces.

**Background**

The State charged Appellant with seven counts of giving false information to a pawnbroker and seven counts of dealing in stolen property. Appellant pled no contest to all counts. For the crimes, the trial court sentenced Appellant to a total of five years in prison, followed by ten years of probation.

At the plea hearing, the prosecutor provided the factual basis for the plea, saying: "the State would have shown that this Defendant was hired as a house cleaner for the victims in this case . . . . For some time they started noticing jewelry missing and other items missing from the house and they weren't quite sure what was going on." The prosecutor then explained that "[e]ventually they figured out it was this Defendant who was stealing from them. . . . There was a controlled phone call done between the victim and this Defendant. This Defendant admitted in this controlled call that she stole the jewelry to pay for her drug habit." Later at the restitution hearing, the victim recalled that Appellant was the only person who had a house key other than the victim and her husband.

At the same restitution hearing, Appellant objected to the trial court ordering restitution for twenty pieces of jewelry that the State did not include in the information.[1] Appellant argued the information only charged her with dealing in stolen property and she therefore should only have to pay restitution for the ten items she admitted she pawned. The prosecutor disagreed, saying, "[t]his is one criminal episode. The testimony that was unrebutted was, you know, this Defendant was the only one who had access. You have all these items missing and she pawns, you know, a bunch of others. So I think the logical conclusion circumstantially is she pawned them." The trial court agreed with the prosecutor, explaining that Appellant would have to pay for the twenty additional pieces of jewelry because "the evidence has established that these items were taken during an ongoing criminal episode whereby the Defendant had access to the victim's house and these items were missing, that there's no other evidence to explain their absence."

Once the State established the number of pieces of jewelry missing, it sought to calculate their value for restitution. The State obtained their value by questioning the victim. For fourteen pieces of jewelry, the victim testified she estimated their value based on "website evaluations," in which she compared the value of her items to similar items online. She did not provide any documentation of the evaluations. For another three pieces

[1] These twenty pieces of jewelry, numbered in accordance with the trial court's exhibit one, were items 1, 2, 3, 6, 7, 8, 9, 10, 13, 15, 16, 17, 18, 19, 20, 22, 23, 28, 29, and 30.

of jewelry, the victim estimated their value based on other people's statements. Finally, for another four pieces of jewelry, the victim estimated their value by guessing their appreciation over time. Appellant's only objection concerned the victim's speculation that some of the items had increased in value due to appreciation of the price of gold.

The trial court accepted the victim's valuation of all thirty pieces of jewelry, and ordered restitution in the amount of $22,997.95. Appellant now appeals the restitution order.

## Analysis

"We review trial court restitution orders for an abuse of discretion." *Gonzalez v. State*, 40 So. 3d 86, 88 (Fla. 4th DCA 2010).

Appellant first argues on appeal that the trial court wrongly imposed restitution for twenty pieces of jewelry she never admitted she pawned. Appellant explains she only entered a no contest plea to pawning ten pieces of stolen jewelry—which she concedes in her initial brief were the subjects of the dealing in stolen property charges.[2] However, the twenty additional pieces of jewelry were relevant to only the separate crime of theft, for which the State did not charge Appellant. Moreover, the State never sought restitution for these stolen items, having failed to include them in its information, arrest warrant affidavits, or factual basis.

We agree with Appellant. The trial court abused its discretion in awarding restitution for the twenty additional pieces of jewelry. Pursuant to section 775.089(1)(a), Florida Statutes (2013), a defendant must pay restitution for damage or loss caused directly or indirectly by his or her offenses and for damage or loss related to the criminal episode. Consequently, it is a foundational rule that "when a defendant agrees to pay restitution as part of a plea agreement, the defendant's agreement is limited to restitution *arising out of the offense charged by the State* as reflected in the information and/or by the factual basis for the plea." *Malarkey v. State*, 975 So. 2d 538, 540-41 (Fla. 2d DCA 2008) (emphasis added); *accord A.D. v. State*, 152 So. 3d 798, 798 (Fla. 4th DCA 2014); *see also Socorro v. State*, 901 So. 2d 940, 941 (Fla. 5th DCA 2005) ("Absent a causal link and significant relationship between the loss for which restitution is ordered and the defendant's offense, restitution may not be ordered for any loss which resulted from an unrelated offense for which the defendant was not charged or convicted.").

---

[2] These ten pieces of jewelry Appellant agrees in her initial brief that she pawned and owes restitution for were items 4, 5, 11, 12, 14, 21, 24, 25, 26, and 27.

Relevant here, the State only charged Appellant with dealing in stolen property. The State's presentation of its factual basis for this charge made clear that it only sought restitution for the twenty additional pieces of jewelry because they were stolen—not pawned. The State's arrest warrant affidavits are similarly limited in scope to the sole crime of dealing in stolen property. Accordingly, we find that, in this case, the crime of theft and the crime of dealing in stolen property are unrelated and constitute separate criminal episodes that, here, were separated by time, place, and manner of commission. *See Medlin v. State*, 180 So. 3d 1101, 1102-03 (Fla. 5th DCA 2015) (finding that the trial court erred in awarding restitution for "several items which were not covered by the charges" set forth in the information and "not related to [the defendant's] conviction"); *Faulkner v. State*, 582 So. 2d 783, 783-84 (Fla. 5th DCA 1991) (similar).

Appellant's second argument on appeal, related to the value of the pawned items, is unpreserved. As a preliminary matter, Appellant does not contest in her initial brief the sufficiency of the evidence for items 5, 11, and 24. She does contest the evidence for the other seven pawned items. However, Appellant failed to object below to the valuation of these jewelry pieces, as the victim's valuation of these seven items (4, 12, 14, 21, 25, 26, and 27) was not premised on an increase in the price of gold and thus was not an object of Appellant's sole objection with respect to valuation prior to this appeal. Having failed to object to the value of these items at the restitution hearing, Appellant failed to preserve the issue for appellate review. *See Kiefer v. State*, 909 So. 2d 572, 574 (Fla. 5th DCA 2005) ("We have held that the contemporaneous objection rule applies to restitution proceedings."); *Fillyaw v. State*, 734 So. 2d 1136, 1137 (Fla. 1st DCA 1999) (similar); *J.S. v. State*, 717 So. 2d 175, 177 (Fla. 4th DCA 1998) ("Because restitution is imposed after a contested adversary hearing, there is no reason to create a different rule than the one prevailing at trial, where a timely objection is necessary to preserve an issue for appeal, absent fundamental error."). Accordingly, we affirm the trial court's valuations of items 4, 5, 11, 12, 14, 21, 24, 25, 26, and 27.

## Conclusion

Because the trial court's order includes restitution for items not related to Appellant's convictions, we reverse with respect to those items. The trial court can only order restitution for the ten pawned items the State specifically included in its dealing in stolen property charges. Due to Appellant's failure to object to the trial court's valuation of all of the remaining items, the court's order is affirmed with respect to the valuation issue.

4

*Affirmed in part and Reversed in part.*

WARNER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**