DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH SILKY,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D17-2945

[December 13, 2017]

Petition for belated appeal to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 07-1182CF10A.

Joseph Silky, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for respondent.

GROSS, J.

Joseph Silky seeks a belated appeal of his 2008 conviction and sentence and a mitigated "resentencing" order rendered on July 1, 2015. He also seeks a belated appeal of June 1 and 2, 2016 restitution orders. Silky claims that he asked counsel to appeal the judgment, sentence, and restitution orders after the restitution hearing on June 1, 2016. We write primarily to address Silky's contention, lifted from federal case law, that the time for filing a direct appeal does not expire until a restitution amount is set.

In 2007, Silky was charged with second-degree grand theft (between $20,000 and $100,000). He entered an open plea, and in May 2008, the court initially sentenced him to five years in prison followed by ten years of probation. The court ordered restitution and reserved on the amount. The basis of the criminal charge involved Silky's failure to fulfill contracts as a professional photographer; the prosecution believed there were more than 50 victims and that restitution totaled more than $80,000. The defense disputed the restitution amount, so a restitution hearing was required.

Silky negotiated for a one-week furlough, which provided that a 15-year sentence would be mitigated if Silky surrendered and complied with the conditions of the agreement. Silky failed to appear. In 2014, he was arrested in Mississippi.

On April 28, 2015, Silky and the state reached an agreement that, among other things, the prison sentence would be mitigated to seven years in prison followed by probation. On July 1, 2015, the circuit court rendered the resentencing order and reserved jurisdiction for a restitution hearing. Silky did not appeal from the mitigated sentence.

On June 1 and 2, 2016, the court rendered restitution orders as to various victims.

More than a year later, on September 5, 2017, Silky turned over to prison officials the petition for belated appeal at issue here. The petition argues that, pursuant to *Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015), a conviction is not final while substantive restitution proceedings are ongoing. He contends that the time for filing a direct appeal did not run until the amount of restitution was determined in 2016. He asks for a "belated direct appeal of sentence, judgment, and restitution orders."

Under Florida law, the time to appeal begins to run from a written order imposing a sentence. A court is permitted to hold a restitution hearing after the imposition of a sentence, and post-sentence restitution orders are separately appealable from the original judgment and sentence.

No Florida authority holds that a delayed restitution hearing tolls or postpones the time to appeal from a criminal sentence. Florida Rule of Appellate Procedure 9.140(b)(3) provides (in relevant part):

> **(3) Commencement**. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and *30 days following rendition of a written order imposing sentence.*

*Id.* (emphasis added). The 30-day time limit established by Rule 9.140(b)(3) establishes a bright line rule that encourages clarity and uniformity in procedure. A restitution order is not one of the matters that tolls rendition of an order. *See* Fla. R. App. P. 9.020(i).

The restitution statute provides: "In addition to any punishment, the court shall order the defendant to make restitution to the victim . . . ." § 775.089(1)(a), Fla. Stat. (2017). In 1993, the Florida Supreme Court held

that, while an order requiring restitution must be imposed at sentencing or within 60 days thereafter, the amount can be determined at a later date. *See State v. Sanderson*, 625 So. 2d 471, 473 (Fla. 1993). It is because a sentencing order must be appealed within 30 days of the rendition of a sentence that Florida courts have held that the appeal divests the trial court of jurisdiction to determine the amount of restitution. *See White v. State*, 190 So. 3d 99, 101 (Fla. 4th DCA 2015). This court has suggested that "where the hearing is not set to occur until after notice of appeal has been filed, the better practice would be to ask this court to relinquish jurisdiction to allow the trial court to hold a hearing as to the amount of restitution." *Stanek-Cousins v. State*, 912 So. 2d 43, 48 (Fla. 4th DCA 2005).

That a restitution order does not alter the time for appeal of an earlier sentence is demonstrated by the fact that restitution orders are often reviewed separately from the original judgment and sentence. *E.g., James v. State*, 223 So. 3d 288, 289 (Fla. 4th DCA 2017); *Thompson v. State*, 68 So. 3d 425, 426 (Fla. 4th DCA 2011); *Sage v. State*, 988 So. 2d 150, 151 (Fla. 4th DCA 2008); *Soriano v. State*, 968 So. 2d 112, 113 (Fla. 4th DCA 2007).

We decline to follow the federal authority on which Silky relies. *Gonzalez*, 792 F.3d 232 at 235, addressed when an appeal is "final" for purposes of a federal *postconviction* motion. *See* 28 U.S.C. § 2255. The question presented in *Gonzalez* was: "Does the limitations period begin to run with an order affirming a conviction and sentence but remanding for recalculation of restitution, or does it begin to run only after the district court enters a revised restitution order on remand?" 792 F.3d at 233. The court held that the limitations period "begins to run only when the revised restitution order becomes final." *Id. Gonzalez* dealt strictly with when the federal postconviction clock began to run and is inapplicable here.

We note that the Eleventh Circuit has held that a judgment sentencing a defendant to imprisonment but reserving jurisdiction to determine the amount of restitution is final for purposes of appeal. *See United States v. Muzio*, 757 F.3d 1243, 1244 (11th Cir. 2014) (citing *Dolan v. United States*, 560 U.S. 605 (2010)). However, *Muzio* contains dicta that suggests a defendant might also wait to appeal a federal sentence until after restitution has been determined:

> The Supreme Court has also recognized that if the defendant chooses to do so, he may avoid bifurcation of his appeal by waiting until restitution has been resolved to appeal. *See*

> *Corey*[1] (holding that defendants have the option to appeal immediately from an initial sentencing judgment or to wait and appeal from both judgments only after the second has been entered).

*Muzio,* 757 F.3d at 1250; *see also Gonzalez,* 792 F.3d at 237 ("The Supreme Court's decision in *Corey v. United States* supports the conclusion that while the initial judgment is sufficiently final for appeal, an appeal could also be pursued following entry of the restitution order.").

This dicta from federal cases does <u>not</u> derive from a rule of constitutional law that is binding on the states. *Corey* involved a defendant who was committed preliminarily under 18 U.S.C. 4208(b), but three months later, the court entered an order imposing probation. 375 U.S. at 170. In that situation, the U.S. Supreme Court said that the defendant could appeal the preliminary order committing him or the subsequent "final" disposition. *Corey* was based on an application of federal statutes not applicable here; the case did not establish a constitutional rule directed at how state court criminal judgments must be appealed.

For these reasons, we decline to apply *Muzio* and *Gonzalez* and hold that reserving jurisdiction to determine the amount of restitution does not impact appellate or postconviction time limits set by Florida rules of procedure. *See United States v. Gilbert,* 807 F.3d 1197, 1200-01 (9th Cir. 2015) (holding that the time limit to appeal runs following the sentence even if the restitution amount is unspecified and that the postconviction time limit does not restart once the restitution amount is set); *see also Dolan v. United States,* 560 U.S. 605, 617 (2010) (recognizing in dicta that "strong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount.").

We conclude that Silky's judgment and initial sentence became final in 2008 after he failed to appear for the mitigation hearing. The time for direct appeal expired while Silky was a fugitive. The petition for "belated direct appeal of sentence, judgment, and restitution orders" is untimely, and Silky establishes no basis for a belated appeal of his judgment and initial sentence.

The petition is also untimely from the July 1, 2015 resentencing order that mitigated Silky's sentence. The two-year time limit to petition for belated appeal from the resentencing order began to run on July 31, 2015

---

[1]  *Corey v. United States,* 375 U.S. 170, 175 (1963).

– when the 30-day time period for filing a notice of appeal expired. Fla. R. App. P. 9.141(d)(5). This petition was filed under the prisoner mailbox rule on September 5, 2017 – more than a month after the time limit expired. The petition does not set forth any valid exception to the time limitation. *See* Fla. R. App. P. 9.141(d)(5).

The petition, however, is timely as to the June 2016 restitution orders. Courts have granted a belated appeal from a restitution order. *E.g.*, *Adirim v. State,* 166 So. 3d 229 (Fla. 5th DCA 2015). The state has presented a good faith basis to dispute Silky's allegation that he asked counsel to appeal the restitution orders. By a separate order, we will direct the circuit court to appoint a commissioner to make findings of fact as to whether Silky timely requested counsel to file a notice of appeal from the restitution orders rendered on June 1 and 2, 2016.

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

- 5 -