DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CHARLES LEE FRANKLIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0710
_____

July 10, 2024

Appeal from the Circuit Court for Manatee County; Stephen Mathew Whyte, Judge.

Howard L. Dimmig, II, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

Charles Lee Franklin challenges a restitution order rendered after he pleaded no contest and was adjudicated guilty for the offenses of obtaining money from a pawn broker by fraud in violation of section 539.001(8), Florida Statutes (2019), and dealing in stolen property in

violation of section 812.019(1), Florida Statutes (2019).[1]  Because a portion of the amount of restitution ordered had no causal connection or relationship to the charged offenses, we reverse in part and remand with directions to strike that portion of the order.[2]

Following Franklin's plea and adjudication, the trial entered an order of restitution in the amount of $5,445 to be paid as a condition of probation.  Of that amount, $2,500 represented the amount of cash the victim had saved in a large jug.  Franklin asserts that the trial court erred by including this amount in the restitution order because it was not causally connected to the offense and bore no significant relationship to the charges.  This issue was not preserved for appeal.  Accordingly, we review for fundamental error.  *See Davis v. State*, 741 So. 2d 1213, 1214 (Fla. 2d DCA 1999) (holding that fundamental error occurs when the trial court orders a defendant to pay restitution for a loss not bearing a significant relationship to the crime charged).

Section 775.089(1)(a), Florida Statutes (2019), provides that the court shall order a defendant to make restitution to a victim for (1) damage or loss caused directly or indirectly by the defendant's offense and (2) damage or loss related to the defendant's criminal episode. "When a defendant challenges a restitution award, a court must determine whether 'the loss or damage is causally connected to the

---

[1] "[P]ost-sentence restitution orders are separately appealable from the original judgment and sentence."  *Silky v. State*, 238 So. 3d 810, 811 (Fla. 4th DCA 2017).

[2] We reject Franklin's alternative argument that the challenged amount of restitution was based on speculative testimony.  The victim's testimony constituted competent substantial evidence of the amount of cash that was taken.  *See Aboyoun v. State*, 842 So. 2d 238, 240 (Fla. 2d DCA 2003) (holding that the victim's testimony regarding the amount of cash that was taken "was sufficient to support the restitution award").

offense *and* bears a significant relationship to the offense.' " *Ferri v. State*, 311 So. 3d 240, 241 (Fla. 2d DCA 2020) (quoting *Koile v. State*, 934 So. 2d 1226, 1234 (Fla. 2006)); *see also James v. State*, 223 So. 3d 288, 290-91 (Fla. 4th DCA 2017) ("[I]t is a foundational rule that 'when a defendant agrees to pay restitution as part of a plea agreement, the defendant's agreement is limited to restitution *arising out of the offense charged by the State* as reflected in the information and/or by the factual basis for the plea.' " (quoting *Malarkey v. State*, 975 So. 2d 538, 540-41 (Fla. 2d DCA 2008))). "Notably, courts look to arrest affidavits and discovery materials provided to the defendant prior to entry of a plea to determine whether, as part of the factual basis for entry of the plea, the items for which restitution was awarded were listed." *Ferri*, 311 So. 3d at 241.

In this case, the property upon which both counts were based included certain items of jewelry stolen from the victim's home. At the plea hearing, the parties stipulated to the factual basis for the plea and the trial court found that the affidavits provided the factual bases supporting the plea. But no mention of the $2,500 in cash contained in the stolen jug appears in the affidavits or the information, and it does not appear in the record at all until the restitution hearing itself. Significantly, Franklin was not charged with burglary or theft.[3]

---

[3] *Cf. Johnston v. State*, 870 So. 2d 877, 879 (Fla. 1st DCA 2004) (holding that restitution for items stolen during a <u>charged</u> burglary was proper because it had a significant relationship to the charge of dealing in stolen property, despite the fact that the defendant negotiated a plea deal wherein he pleaded nolo contendere to the dealing in stolen property offenses and the State nolle prosequied the remaining offenses). In addition, the plea agreement in *Johnston* contemplated restitution for all of the stolen items. *Id.*

Based on these facts, we are compelled to conclude that the inclusion of the amount of the stolen cash in the restitution order constituted fundamental error. Accordingly, we must reverse that portion of the order. On remand, the trial court shall enter an amended restitution order, reducing the amount of restitution owed by $2,500.[4] The order is otherwise affirmed in all respects.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[4] We note that the victim is free to pursue a claim for civil theft in the appropriate forum, assuming she can do so prior to the expiration of the statute of limitations. *See* § 772.11, Fla. Stat. (2019) (providing for a civil remedy for victims of theft or robbery); § 772.17 (establishing statute of limitations for civil remedies based on criminal acts).