DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS ANTHONY ROBILOTTA,**
Appellant,

v.

**LISA KIM KARKHOFF,**
Appellee.

No. 4D2023-3049

[April 16, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura C. Burkhart, Judge; L.T. Case No. 50-2022-MM-010327-AXXX-SB.

Troy William Klein of the Law Office of Troy W. Klein, P.A., West Palm Beach, for appellant.

Michael D. Cirullo, Jr. of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, and Joshua K. Friedman and Jason A. Brodie of Brodie & Friedman, P.A., Boca Raton, for appellee.

DAMOORGIAN, J.

Thomas Anthony Robilotta ("Defendant") appeals his convictions for eight separate counts of indirect criminal contempt for failure to comply with the child support provisions contained in a final judgment of dissolution of marriage ("Final Judgment"). Defendant raises the following issues on appeal: (1) the convictions for eight separate counts of indirect criminal contempt violate double jeopardy; (2) the court erred in ordering Defendant to pay $100 in prosecution costs; and (3) the court erred in ordering Defendant to pay former wife's legal fees as restitution. We affirm on issue one without further comment. For the reasons discussed below, we reverse on issue two and dismiss on issue three.

The Final Judgment required Defendant to pay a portion of his minor child's health related expenses that were not covered by insurance. After Defendant failed to pay his share of the uncovered medical expenses and was twice found in civil contempt for same, former wife filed a verified motion for order to show cause for indirect criminal contempt. In

response, the trial court entered an order to show cause, which encompassed Defendant's continuing failure to pay his share of the uncovered medical expenses. The trial court thereafter appointed former wife's attorney "to assist the Court in the prosecution of the Order to Show Cause." At the conclusion of trial, the trial court issued its oral pronouncement finding Defendant guilty of eight counts of indirect criminal contempt, and sentencing Defendant to six months of probation. As special conditions of probation, Defendant was required to pay: (1) $100 in prosecution costs, and (2) former wife's legal fees incurred in prosecuting the criminal contempt charges as restitution, with the amount of fees to be determined at a later time. This appeal follows.

Regarding the prosecution costs, Defendant primarily argues that because no state attorney was involved in the indirect criminal contempt proceeding, the trial court was without authority to impose prosecution costs. We agree and reverse on this issue. *See* § 938.27(8), Fla. Stat. (2023) ("Costs for the *state attorney* must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged . . . ." (emphasis added)); *Burlinson v. Wilson*, 388 So. 3d 15, 16 (Fla. 4th DCA 2024) (citing section 938.27(8), Florida Statutes, and holding that because the former husband's attorney, not the state, prosecuted the indirect criminal contempt case, the trial court could not impose costs of prosecution); *Leyritz v. State*, 93 So. 3d 1156, 1158 (Fla. 4th DCA 2012) (recognizing that the purpose of prosecution costs is "to compensate *the state* for the expenses of prosecution associated with individual violations" (emphasis added) (citation omitted)).

Regarding the requirement that Defendant pay the former wife's legal fees as a form of restitution, Defendant argues such a condition of probation is not authorized in indirect criminal contempt proceedings. Although we agree with Defendant,[1] this Court does not have jurisdiction to address this issue. As represented in former wife's answer brief, the restitution hearing setting the amount of legal fees to be paid by Defendant

---

[1] *See Burlinson*, 388 So. 3d at 16 (reversing condition of probation requiring defendant to pay $1,983.20 in attorney's fees to former husband's counsel as "such a condition is not authorized in indirect criminal contempt proceedings"); *Kaplan v. Schurr*, 50 Fla. L. Weekly D137 (Fla. 3d DCA Jan. 8, 2025) (holding that the legal services rendered by plaintiff's counsel in assisting the trial court in conducting the criminal contempt proceeding were not reimbursable as restitution); *Dowis v. State*, 578 So. 2d 860, 861 (Fla. 5th DCA 1991) ("[T]he award of attorney's fees for prosecution of criminal contempt charges improperly skews the decision making process and is without authority.").

2

purportedly took place sometime after the instant appeal was filed. Defendant, however, has not filed an amended notice of appeal or otherwise supplemented the appellate record with the final restitution order. As such, all that is before this Court is an order reserving jurisdiction to award restitution, which is not yet appealable. *See Johnson v. State*, 27 So. 3d 211, 211 (Fla. 2d DCA 2010) (treating a condition of probation requiring defendant to pay for counseling as an order reserving jurisdiction to award restitution, and holding that "[b]ecause the court has not held a hearing and has not determined an amount to be paid, [defendant's] challenge is premature"); *Robbins v. State*, 641 So. 2d 939, 940–41 (Fla. 5th DCA 1994) (finding premature an appeal from an order which imposed restitution but did not award an amount, reasoning that "[u]nless the amount is first determined, it is impossible to predict whether [defendant] will ever have the ability or inability to pay it"); *see also Silky v. State*, 238 So. 3d 810, 811 (Fla. 4th DCA 2017) (recognizing that "post-sentence restitution orders are separately appealable from the original judgment and sentence"). Accordingly, we dismiss this issue without prejudice.

*Affirmed in part, reversed in part, and dismissed in part.*

KLINGENSMITH, C.J., and GERBER, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**